# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT
## OF MISSOURI
## WESTERN DISTRICT – KANSAS CITY

| | | |
|---|---|---|
| TAMMY RICHARDS | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| DAVID RICHARDS | ) | |
| | ) | |
| PLAINTIFF. | ) | |
| | ) | |
| vs. | ) | Case Number: _____ |
| | ) | |
| ALLY FINANCIAL, INC., | ) | |
| SYNCHRONY BANK | ) | |
| (a/k/a, SYNCHRONY FINANCIAL) | ) | |
| COMENITY BANK, ACIMA CREDIT, | ) | |
| LLC, KANSAS COUNSELORS, INC., | ) | |
| UNITED CONSUMERS CREDIT UNION, | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, TRANS UNION, LLC., | ) | |
| AND EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION

**COMES NOW** Plaintiffs, by and through counsel, and for their Petition against

Defendants states as follows:

## JURISDICTION

1. This is an action for statutory damages brought by individual consumers against the Defendants for violations of the Fair Credit Reporting Act (hereafter FCRA) 15 U.S.C. § 1681 et seq. and for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et. seq. (hereinafter FDCPA).

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff Tammy Richards (hereinafter "T Richards") is a natural person currently residing in Jackson County, Missouri.

5. Plaintiff T Richards is a consumer within the meaning of the FDCPA and FCRA.

1

6. The alleged debt owed to T Richards arises out of consumer, family and household transactions.

7. Plaintiff David Richards (hereinafter "D Richards") is a natural person currently residing in Jackson County, Missouri.

8. Plaintiff D Richards is a consumer within the meaning of the FDCPA and FCRA.

9. The alleged debt owed to D Richards arises out of consumer, family and household transactions.

## PARTIES

10. Defendant Equifax Information Service, LLC (hereinafter referred to as "Equifax") is a corporation with its principal place of business in Atlanta, GA.

11. At all times re relevant hereto, Defendant Equifax was and is engaged in the business of credit reporting, all within Missouri.

12. Defendant Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing credit reports, as defined in 15 U.S.C. §1681(d) to third-parties.

13. Defendant Trans Union, LLC (hereinafter referred to as "Trans Union") is a corporation with its principal place of business in Chicago, IL.

14. Defendant Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing credit reports, as defined in 15 U.S.C. §1681(d) to third-parties.

15. Defendant Experian Information Solutions, Inc. (hereinafter referred to as "Experian") is a corporation with its principal place of business in Costa Mesa, CA.

16. Defendant Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f) and is engaged in the business of assembling, evaluating, and disbursing information

2

concerning consumers for the purpose of furnishing credit reports as defined in 15 U.S.C. §1681(d) to third parties.

17. Defendant Ally Financial, Inc. (hereinafter referred to as "Ally") is a Delaware corporation and at all times relevant, registered to do business in Missouri.

18. Ally is in the business of collecting debts and alleged debts and is engaged in the business of consumer debt collection using the mail and telephone extending to and within the state of Missouri.

19. Defendant Ally is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

20. Defendant Ally is a credit furnisher as defined by the FCRA.

21. Defendant Synchrony Bank (a/ka/ Synchrony Financial) (hereinafter referred to as "Synchrony") is a Delaware corporation and at all times relevant, registered to do business in Missouri.

22. Synchrony is in the business of collecting debts and alleged debts and is engaged in the business of consumer debt collection using the mail and telephone extending to and within the state of Missouri.

23. Defendant Synchrony is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

24. Defendant Synchrony is a credit furnisher as defined by the FCRA.

25. Defendant Comenity Bank (hereinafter referred to as "Comenity") is a Delaware corporation and at all times relevant, registered to do business in Missouri.

26. Comenity is in the business of collecting debts and alleged debts and is engaged in the business of consumer debt collection using the mail and telephone extending to and within the state of Missouri.

27. Defendant Comenity is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

28. Defendant Comenity is a credit furnisher as defined by the FCRA.

3

29. Defendant ACIMA Credit (hereinafter referred to as "ACIMA") is a Missouri corporation organized under the laws of the State of Missouri and at all times relevant, registered to do business in Missouri.

30. ACIMA is in the business of collecting debts and alleged debts and is engaged in the business of consumer debt collection using the mail and telephone extending to and within the state of Missouri.

31. Defendant ACIMA is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

32. Defendant ACIMA is a credit furnisher as defined by the FCRA.

33. Defendant Kansas Counselors, Inc. (hereinafter referred to as "KCI") is a Kansas corporation duly organized and existing under the laws of the State of Kansas.

34. At all times relevant hereto, Defendant KCI was and is engaged in the business of consumer debt collection using the mail and telephone extending to and within the state of Missouri.

35. Defendant KCI is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

36. Defendant United Consumers Credit Union (hereinafter referred to as "UCCU") is a Missouri corporation duly organized and existing under the laws of the State of Missouri.

37. Defendant UCCU is a credit furnisher as defined by the FCRA.

<u>**FACTS**</u>

38. In or around March 2019, Plaintiffs obtained copies of their credit reports from Defendants Equifax, Trans Union and Experian.

39. Plaintiffs found a multitude of inaccurate information in all three of these credit reports.

40. Based on these reports, Plaintiffs initiated several disputes regarding the accuracy and legitimacy of numerous items contained in these reports.

41. Plaintiffs T and D Richards disputed the following accounts with Defendants Equifax, Trans Union, and Experian:

    a.   Tradeline XXX with Defendant Ally

     i. The amount alleged due and owing has been erroneously reported for several months.

     ii. Plaintiff disputed this with Defendants to get an accounting of the amount owed from Defendant Ally.

42. Plaintiff T Richards disputed the following with Defendants Equifax, Trans Union, and Experian

    a. Tradeline XXX with Defendant Synchrony (JC Penny)

       i. This account has erroneously been reporting as having several months of late pays that is inaccurate

       ii. Plaintiff disputed this with Defendant to get an accounting of the amount owed from Defendant Synchrony (JC Penny).

    b. Tradeline XXX with Defendant Comenity (Kays)

       i. This account has erroneously been reporting as having several months of late pays that is inaccurate

       ii. Plaintiff disputed this with Defendant to get an accounting of the amount owed from Defendant Comenity (Kays).

    c. Tradeline XXX and XXXX with Defendant Comenity Bank (Victoria Secret)

       iii. This account has erroneously been reporting as having several months of late pays that is inaccurate

       iv. Plaintiff disputed this with Defendant to get an accounting of the amount owed from Defendant Comenity (Victoria Secret).

43. Tradeline XXX with Defendant KCI was erroneously verified as accurate by Defendant Equifax despite Plaintiff's satisfaction of this account.

44. Plaintiff disputed this account with at least Defendant Equifax to get a confirmation of

5

payments sent to Defendant KCI only to be verified as accurate with no proof.

45. Plaintiff T Richards paid off account XXX with Defendant ACIMA only to have them begin harassing them for more money after they were paid off.

46. Defendant ACIMA was told by Plaintiff that they were already paid off and Defendant ACIMA couldn't explain why there was an error in the accounting.

47. ACIMA directed Plaintiff to continue to pay on the already satisfied account anyway.

48. Plaintiff D Richards disputed the following accounts with Defendants Equifax, Trans Union and Experian:

    a.  Tradelines ending in *** with Defendant Synchrony (score rewards)

        v.  This account has erroneously been reporting as having several months of late pays that is inaccurate

        vi.  Plaintiff disputed this with Defendants to get an accounting of the amount owed from Defendant Synchrony (score rewards).

    b.  Tradeline ******* with Defendant Synchrony (care credit).

        i.  Plaintiff has no recollection of an account with this collector and disputed this account with Defendants in order to get some verification of this account ownership.

        ii.  This account was unsubstantiated with any proof from Defendant Synchrony yet continued to be reported by Defendants Equifax, Trans Union and Experian.

    c.  Tradelines *******, ******* with KCI (also reported as St. Mary's Medical Center on some reports)

        i.  Plaintiff has no recollection of any accounts with this creditor as he has no outstanding medical balances with any hospital.

      ii.     Plaintiff disputed this account with Defendants in order to get some verification of this account ownership.

      iii.     This account was unsubstantiated with any proof from Defendant KCI or St. Mary's yet continued to be reported by Defendants Equifax, Trans Union and Experian.

      iv.     All these tradelines were erroneously verified as accurate.

   d.  Tradelines **************** and XXX*************UCCU.

      i.     Plaintiff's only accounts with Defendants were several years ago which should be past the statute of limitations for reporting.

      ii.     One of the accounts with Defendant UCCU is reporting inaccurate dates, amounts owed and other erroneous account information.

      iii.     Plaintiff disputed this account with Defendants in order to get some verification of the alleged account and amounts owed.

      iv.     This account was unsubstantiated with any proof from Defendant UCCU or yet continued to be reported by Defendants Equifax, Trans Union and Experian.

      v.     All these tradelines were erroneously verified as accurate.

49. Defendant collection agencies and/or credit furnishers were also are adding unauthorized fees, interest and/or penalties to the accounts.

50. All the information both Plaintiffs disputed is inaccurate information.

51. Defendant Equifax refused to remove these same accounts.

52. When Defendants Equifax, Trans Union and Experian received each written dispute from Plaintiff they forwarded notice to all credit furnisher Defendants.

53. Every time Defendant credit furnishers received notice of the dispute from Equifax, Experian and/or TransUnion they either failed to respond or provided back incorrect, incomplete inaccurate information as a result of their limited or non-existent investigation.

54. Accordingly, where applicable, all Defendants responded back to Plaintiff's numerous disputes, that they have verified the accounts.

55. All Defendants have wrongfully verified the derogatory accounts since Plaintiff's initial FCRA dispute.

56. All Defendants have continued to report and maintain this derogatory and inaccurate information related to Plaintiffs credit history and said derogatory information has been provided to third parties.

57. The inaccurate information negatively reflects upon Plaintiffs, Plaintiffs financial responsibility as a debtor, Plaintiffs credit worthiness and Plaintiff's credit repayment history.

58. Defendant CRA's have been placed on notice and have reason to believe that the accounts in dispute by Plaintiffs warrant a reasonable investigation into the accuracy of the accounts.

59. Defendants CRA's have failed to conduct such reasonable re-investigation of Plaintiffs disputed accounts and have caused Plaintiffs to incur actual damages, attorneys' fees and further damages.

60. The collection attempts of all Defendants furnishers and the inaccurate credit reporting have caused Plaintiffs to incur actual damages, attorney's fees, as well as emotional distress and/or denial of credit.

## COUNT I – VIOLATION OF THE FDCPA PLAINTIFFS T RICHARDS AND D RICHARDS AGAINST DEFENDANT ALLY

Comes now Plaintiffs T Richards and D Richards and for Count I against Defendant ALLY, and alleges and states as follows:

61. Plaintiffs re-alleges and incorporates by reference the above paragraphs.

62. Defendant ALLY regularly attempt to collect consumer debts asserted to be due to another and at all pertinent times herein, was a "debt collector" as defined by 15 U.S.C. §1692a(6).

63. A single act by the debt collector can violate multiple provisions of the FDCPA.

64. In attempting to collect the alleged debt from Plaintiffs, Defendant ALLY has committed violations of the FDCPA, 15 U.S.C §1692 *et. seq.* including, but not limited to the following:

    a. Utilized unconscionable or unfair means in an attempt to collect on an alleged debt by reporting the amount of a debt due and owing that false, inaccurate, and otherwise uncollectable in violation of 15 U.S.C. §1692f;

    b. Failing to cease debt collection activities on an account that is no longer due and owed;

    c. Engaging in false, deceptive, or misleading representation relating to what Plaintiff owes in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered against Defendant ELITE for:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;
2. Actual damages;
3. Release of the alleged debt;
4. Statutory damages, costs, litigation expenses and attorney's fees pursuant to 15 U.S.C. 1692(k); and
5. For such other relief as the Court may deem just and proper.

## COUNT II– VIOLATION OF THE FDCPA PLAINTIFF T RICHARDS AGAINST DEFENDANT KCI

Comes now Plaintiff T Richards and for Count II against Defendant KCI, and alleges and states as follows:

65. Plaintiff re-alleges and incorporates by reference the above paragraphs.

66. Defendant KCI regularly attempt to collect consumer debts asserted to be due to another and at all pertinent times herein, was a "debt collector" as defined by 15 U.S.C. §1692a(6).

67. A single act by the debt collector can violate multiple provisions of the FDCPA.

68. In attempting to collect the alleged debt from Plaintiff, Defendant KCI has committed violations of the FDCPA, 15 U.S.C §1692 *et. seq.* including, but not limited to the following:

a. Utilized unconscionable or unfair means in an attempt to collect on an alleged debt by reporting the amount of a debt due and owing that false, inaccurate, and otherwise uncollectable in violation of 15 U.S.C. §1692f;

b. Failing to cease debt collection activities on an account that is no longer due and owed;

c. Engaging in false, deceptive, or misleading representation relating to what Plaintiff owes in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant KCI for:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;

2. Actual damages;

3. Release of the alleged debt;

4. Statutory damages, costs, litigation expenses and attorney's fees pursuant to 15 U.S.C. 1692(k); and

**5.** For such other relief as the Court may deem just and proper**.**

## COUNT III - VIOLATION OF THE FDCPA  PLAINTIFF D RICHARDS AGAINST DEFENDANT DEFENDANT KCI

Comes now Plaintiff D Richards and for Count III against Defendant KCI, and alleges and states as follows:

69. Plaintiff re-alleges and incorporates by reference the above paragraphs.

70. Defendant KCI regularly attempts to collect consumer debts asserted to be due to another and at all pertinent times herein, was a "debt collector" as defined by 15 U.S.C. §1692a(6).

71. A single act by the debt collector can violate multiple provisions of the FDCPA.

72. In attempting to collect the alleged debt from Plaintiff, Defendant KCI has committed violations of the FDCPA, 15 U.S.C §1692 *et. seq.* including, but not limited to the following:

    a. Utilized unconscionable or unfair means in an attempt to collect on an alleged debt by reporting the amount of a debt due and owing that is false, inaccurate, and otherwise uncollectable in violation of 15 U.S.C. §1692f;

    b. Failing to cease debt collection activities on an account that is no longer due and owed;

    c. Engaging in false, deceptive, or misleading representation relating to what Plaintiff owes in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant KCI for:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;
2. Actual damages;
3. Release of the alleged debt;
4. Statutory damages, costs, litigation expenses and attorney's fees pursuant to 15 U.S.C. 1692(k); and
5. **For such other relief as the Court may deem just and proper.**

## COUNT IV- VIOLATION OF THE FCRA PLAINTIFF T RICHARDS AGAINST DEFENDANTS ALLY, SYNCHRONY, COMENITY, ACIMA and KCI

Comes now Plaintiff T Richards and for Count V against Defendants ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, and alleges and states as follows:

73. Plaintiff re-alleges and incorporates by reference the above paragraphs.

74. The consumer reporting agencies reported to Defendants ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers (creditor and collectors) that Plaintiff T Richards disputed the collections accounts and false reporting.

75. Despite receiving the dispute, ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher subscribers, failed to respond with truthful information, failed to acknowledge the disputes and/or reported the false, derogatory informatio9n to the consumer reporting agencies, all in violation of the FCRA.

76. According to the consumer reporting agencies' reports, ALLY, SYNCHRONY, COMENITY, ACIMA and KCI furnisher subscribers, continued to falsely report information about Plainitff T Richards.

77. ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers, have willfully and/or negligently violated FCRA, 15 USC §1681s-2(b), by failing to respond to re-investigation requests and failed to supply accurate and truthful information.

78. ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers continue to report false and inaccurate information and failed to delete and suppress false and inaccurate information reported about Plaintiff T Richards Defendant.

79. ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers failed to investigate or reinvestigate regarding inaccurate consumer data they reported and then again reported about Plaintiff T. Richards.

80. ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers failed to review all pertinent and relevant information given to it by the consumer reporting agencies.

81. ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers knew or should have known that their actions in untruthfully and/or negligent reporting would and will damage Plaintiff T Richards and her ability to utilize the credit rating and reputation she secured by honoring her obligations to her creditors.

82. ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers failed to acknowledge and respond with truthful information in their response to Plaintiff's dispute and to advise the consumer reporting agencies of receiving such disputes and complaints regarding their credit data they had been reporting and then again reporting about Plaintiff.

83. The conduct of ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers was a direct and proximate cause and substantial factor in bringing about the serious injuries, actual damages and harm to Plaintiff T Richards.

84. ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers are liable to Plaintiff T Richards for statutory, actual and punitive damages, along with attorney's fees, court costs and such further relief as permitted by law.

WHEREFORE, Plaintiff T Richards respectfully requests that judgment be entered against Defendants ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers for:

    a. Statutory damages;

    b. Actual damages

    c. Punitive damages;

    d. Costs and reasonable attorney's fees under 15 U.S.C. §1681n and 15 U.S.C. 1681o; and

    e. For such other relief as the Court may deem just and proper.

## COUNT V- VIOLATION OF THE FCRA PLAINTIFF T RICHARDS AGAINST DEFENDANTS EQUIFAX, TRANS UNION and EXPERIAN

Comes now Plaintiff and for Count IX against Defendants EQUIFAX, TRANS UNION and EXPERIAN, and alleges and states as follows:

85. Plaintiff incorporates by reference all the above preceding allegations in this petition as if the same were set forth herein.

86. Based on information and belief, Defendants EQUIFAX, TRANS UNION and EXPERIAN are regularly engaged in the business of evaluating, assembling and disbursing information to third parties regarding consumers for the purpose of furnishing consumer reports, as defined in 15 USC § 1681a(d).

87. At all pertinent times, Defendants EQUIFAX, TRANS UNION and EXPERIAN acted through duly authorized agents, employees, officers, members, directors, successors, assigns, trustees, principals, sureties, representatives, subrogates and/or insurers.

88. According to 15 U.S.C. §1681(e)(b), "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

89. On or before March 2019, Defendants EQUIFAX, TRANS UNION and EXPERIAN had been put on notice of Plaintiff's claims that the Defendant furnishers were reporting and furnishing inaccurate information.

90. Defendants EQUIFAX, TRANS UNION and EXPERIAN failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff T Richards's credit reports, information, and file as follows:

   1. Failing to use reasonable steps to update Plaintiff's information and/or the veracity of information provided to them by Defendants ALLY, SYNCHRONY, COMENITY, and KCI, and

   2. Failing to take reasonable steps to verify that the information Defendants ALLY, SYNCHRONY, COMENITY, and KCI were attempting to report on Plaintiff's credit reports in fact was a debt rightfully attributed to Plaintiff.

91. The above failures were all in violation of 15 U.S.C. § 1681i and § 1681i e(b).

92. As a result of the above-described violations of § 1681i and § 1681e(b), the Plaintiff sustained damages.

93. Defendant Defendants EQUIFAX, TRANS UNION and EXPERIAN violations of the FCRA were willful and therefore the Plaintiff is entitled to seek statutory and punitive damages under 15 U.S.C. § 1681n.

94. In the alternative, Defendants EQUIFAX, TRANS UNION and EXPERIAN are negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests the following relief:

   a. Statutory damages, actual damages, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

   b. Statutory damages pursuant to 15 U.S.C. § 1692k;

   c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

   d. Taxable expenses, pre-judgment, and post judgment interest as may be allowed by law; and

   e. For such other and further relief as the Court may deem just and proper.

Comes now Plaintiff T Richards and for Count V against Defendants ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, and alleges and states as follows:

95. Plaintiff re-alleges and incorporates by reference the above paragraphs.

96. The consumer reporting agencies reported to Defendants ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers (creditor and collectors) that Plaintiff T Richards disputed the collections accounts and false reporting.

97. Despite receiving the dispute, ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher subscribers, failed to respond with truthful information, failed to acknowledge the disputes and/or reported the false, derogatory informatio9n to the consumer reporting agencies, all in violation of the FCRA.

98. According to the consumer reporting agencies' reports, ALLY, SYNCHRONY, COMENITY, ACIMA and KCI furnisher subscribers, continued to falsely report information about Plainitff T Richards.

99. ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers, have willfully and/or negligently violated FCRA, 15 USC §1681s-2(b), by failing to respond to re-investigation requests and failed to supply accurate and truthful information.

100. ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers continue to report false and inaccurate information and failed to delete and suppress false and inaccurate information reported about Plaintiff T Richards Defendant.

101. ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers failed to investigate or reinvestigate regarding inaccurate consumer data they reported and then again reported about Plaintiff T. Richards.

102. ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers failed to review all pertinent and relevant information given to it by the consumer reporting agencies.

103. ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers knew or should have known that their actions in untruthfully and/or negligent reporting would and will damage Plaintiff T Richards and her ability to utilize the credit rating and reputation she secured by honoring her obligations to her creditors.

104. ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers failed to acknowledge and respond with truthful information in their response to Plaintiff's dispute and to advise the consumer reporting agencies of receiving such

disputes and complaints regarding their credit data they had been reporting and then again reporting about Plaintiff.

105.     The conduct of ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers was a direct and proximate cause and substantial factor in bringing about the serious injuries, actual damages and harm to Plaintiff T Richards.

106.     ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers are liable to Plaintiff T Richards for statutory, actual and punitive damages, along with attorney's fees, court costs and such further relief as permitted by law.

WHEREFORE, Plaintiff T Richards respectfully requests that judgment be entered against Defendants ALLY, SYNCHRONY, COMENITY, ACIMA and KCI, furnisher-subscribers for:

    f.   Statutory damages;

    g.   Actual damages;

    h.   Punitive damages;

    i.   Costs and reasonable attorney's fees under 15 U.S.C. §1681n and 15 U.S.C. 1681o; and

    j.   For such other relief as the Court may deem just and proper.

## COUNT VI- VIOLATION OF THE FCRA PLAINTIFF T RICHARDS AGAINST DEFENDANTS EQUIFAX, TRANS UNION and EXPERIAN

Comes now Plaintiff T Richards and for Count IX against Defendants EQUIFAX, TRANS UNION and EXPERIAN, and alleges and states as follows:

107.     Plaintiff incorporates by reference all the above preceding allegations in this petition as if the same were set forth herein.

108.     Based on information and belief, Defendants EQUIFAX, TRANS UNION and EXPERIAN are regularly engaged in the business of evaluating, assembling and disbursing information to third parties regarding consumers for the purpose of furnishing consumer reports, as defined in 15 USC § 1681a(d).

109.     At all pertinent times, Defendants EQUIFAX, TRANS UNION and EXPERIAN acted through duly authorized agents, employees, officers, members, directors,

successors, assigns, trustees, principals, sureties, representatives, subrogates and/or insurers.

110.  According to 15 U.S.C. §1681(e)(b), "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

111.  On or before March 2019, Defendants EQUIFAX, TRANS UNION and EXPERIAN had been put on notice of Plaintiff's claims that the Defendant furnishers were reporting  and furnishing inaccurate information.

112.  Defendants EQUIFAX, TRANS UNION and EXPERIAN failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff T Richards's credit reports, information, and file as follows:

   3. Failing to use reasonable steps to update Plaintiff's information and/or the veracity of information provided to them by Defendants ALLY, SYNCHRONY, COMENITY, and KCI, and

   4. Failing to take reasonable steps to verify that the information Defendants ALLY, SYNCHRONY, COMENITY, and KCI were attempting to report on Plaintiff's credit reports in fact was a debt rightfully attributed to Plaintiff.

113.  The above failures were all in violation of 15 U.S.C. § 1681i and § 1681i e(b).

114.  As a result of the above-described violations of § 1681i and § 1681e(b), the Plaintiff sustained damages.

115.  Defendant Defendants EQUIFAX, TRANS UNION and EXPERIAN violations of the FCRA were willful and therefore the Plaintiff is entitled to seek statutory and punitive damages under 15 U.S.C. § 1681n.

116.  In the alternative, Defendants EQUIFAX, TRANS UNION and EXPERIAN are negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests the following relief:

   f.   Statutory damages, actual damages, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

   g.   Statutory damages pursuant to 15 U.S.C. § 1692k;

    h.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

    i.    Taxable expenses, pre-judgment, and post judgment interest as may be allowed by law; and;

    j.    For such other and further relief as the Court may deem just and proper.

## COUNT VII- VIOLATION OF THE FCRA PLAINTIFF D RICHARDS AGAINST DEFENDANTS EQUIFAX, TRANS UNION and EXPERIAN

Comes now Plaintiff D Richards for Count VIII against Defendants ALLY, SYNCHRONY (CARECREDIT), SYNCHRONY (SCORE REWARDS), UCCU, AND KCI, and alleges and states as follows:

117.    Plaintiff re-alleges and incorporates by reference the above paragraphs.

118.    The consumer reporting agencies reported to Defendants ALLY, SYNCHRONY (CARECREDIT), SYNCHRONY (SCORE REWARDS), UCCU, AND KCI, furnisher-subscribers (creditor and collectors) that Plaintiff D Richards disputed the collections accounts and false reporting.

119.    Despite receiving the dispute, ALLY, SYNCHRONY (CARECREDIT), SYNCHRONY (SCORE REWARDS), UCCU, AND KCI furnisher subscribers, failed to respond with truthful information, failed to acknowledge the disputes and/or reported the false, derogatory information to the consumer reporting agencies, all in violation of the FCRA.

120.    According to the consumer reporting agencies' reports, ALLY, SYNCHRONY (CARECREDIT), SYNCHRONY (SCORE REWARDS), UCCU, AND KCI furnisher subscribers, continued to falsely report information about Plaintiff D Richards.

121.    ALLY, SYNCHRONY (CARECREDIT), SYNCHRONY (SCORE REWARDS), UCCU, AND KCI, furnisher-subscribers, have willfully and/or negligently violated FCRA, 15 USC §1681s-2(b), by failing to respond to re-investigation requests and failed to supply accurate and truthful information.

122.    ALLY, SYNCHRONY (CARECREDIT), SYNCHRONY (SCORE REWARDS), UCCU, AND KCI, furnisher-subscribers continue to report false and inaccurate information and failed to delete and suppress false and inaccurate information reported about Plaintiff D Richards.

123.     ALLY, SYNCHRONY (CARECREDIT), SYNCHRONY (SCORE REWARDS), UCCU, AND KCI, furnisher-subscribers failed to investigate or reinvestigate regarding inaccurate consumer data they reported and then again reported about Plaintiff D. Richards.

124.     ALLY, SYNCHRONY (CARECREDIT), SYNCHRONY (SCORE REWARDS), UCCU, AND KCI, furnisher-subscribers failed to review all pertinent and relevant information given to it by the consumer reporting agencies.

125.     ALLY, SYNCHRONY (CARECREDIT), SYNCHRONY (SCORE REWARDS), UCCU, AND KCI, furnisher-subscribers knew or should have known that their actions in untruthfully and/or negligent reporting would and will damage Plaintiff D Richards and his ability to utilize the credit rating and reputation she secured by honoring her obligations to her creditors.

126.     ALLY, SYNCHRONY (CARECREDIT), SYNCHRONY (SCORE REWARDS), UCCU, AND KCI, furnisher-subscribers failed to acknowledge and respond with truthful information in their response to Plaintiff's dispute and to advise the consumer reporting agencies of receiving such disputes and complaints regarding their credit data they had been reporting and then again reporting about Plaintiff.

127.     The conduct of ALLY, SYNCHRONY (CARECREDIT), SYNCHRONY (SCORE REWARDS), UCCU, AND KCI, furnisher-subscribers was a direct and proximate cause and substantial factor in bringing about the serious injuries, actual damages and harm to Plaintiff D Richards.

128.     ALLY, SYNCHRONY (CARECREDIT), SYNCHRONY (SCORE REWARDS), UCCU, AND KCI, furnisher-subscribers are liable to Plaintiff D Richards for statutory, actual and punitive damages, along with attorney's fees, court costs and such further relief as permitted by law.

WHEREFORE, Plaintiff D Richards respectfully requests that judgment be entered against Defendants ALLY, SYNCHRONY (CARECREDIT), SYNCHRONY (SCORE REWARDS), UCCU, AND KCI, furnisher-subscribers for:

    k. Statutory damages;

    l. Actual damages

    m. Punitive damages;

n. Costs and reasonable attorney's fees under 15 U.S.C. §1681n and 15 U.S.C. 1681o; and

o. For such other relief as the Court may deem just and proper.

## COUNT VIII– VIOLATION OF FCRA PLAINTIFF D RICHARDS AGAINST DEFENDANTS EQUIFAX, TRANS UNION AND EXPERIAN

Comes now Plaintiff D Richards and for Count IX against Defendants EQUIFAX, TRANS UNION and EXPERIAN, and alleges and states as follows:

129.    Plaintiff incorporates by reference all the above preceding allegations in this petition as if the same were set forth herein.

130.    Based on information and belief, Defendants EQUIFAX, TRANS UNION and EXPERIAN are regularly engaged in the business of evaluating, assembling and disbursing information to third parties regarding consumers for the purpose of furnishing consumer reports, as defined in 15 USC § 1681a(d).

131.    At all pertinent times, Defendants EQUIFAX, TRANS UNION and EXPERIAN acted through duly authorized agents, employees, officers, members, directors, successors, assigns, trustees, principals, sureties, representatives, subrogates and/or insurers.

132.    According to 15 U.S.C. §1681(e)(b), "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

133.    On or before March 2019, Defendants EQUIFAX, TRANS UNION and EXPERIAN had been put on notice of Plaintiff's claims that the Defendant furnishers were reporting and furnishing inaccurate information.

134.    Defendants EQUIFAX, TRANS UNION and EXPERIAN failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff D Richards's credit reports, information, and file as follows:

5. Failing to use reasonable steps to update Plaintiff's information and/or the veracity of information provided to them by Defendants ALLY, SYNCHRONY (CARECREDIT), SYNCHRONY (SCORE REWARDS), UCCU, AND KCI, and

6. Failing to take reasonable steps to verify that the information Defendants ALLY, SYNCHRONY (CARECREDIT), SYNCHRONY (SCORE REWARDS), UCCU, AND KCI were attempting to report on Plaintiff's credit reports in fact was a debt rightfully attributed to Plaintiff.

135. The above failures were all in violation of 15 U.S.C. § 1681i and § 1681i e(b).

136. As a result of the above-described violations of § 1681i and § 1681e(b), the Plaintiff sustained damages.

137. Defendant Defendants EQUIFAX, TRANS UNION and EXPERIAN violations of the FCRA were willful and therefore the Plaintiff is entitled to seek statutory and punitive damages under 15 U.S.C. § 1681n.

138. In the alternative, Defendants EQUIFAX, TRANS UNION and EXPERIAN are negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests the following relief:

k. Statutory damages, actual damages, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

l. Statutory damages pursuant to 15 U.S.C. § 1692k;

m. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

n. Taxable expenses, pre-judgment, and post judgment interest as may be allowed by law; and;

o. For such other and further relief as the Court may deem just and proper.


PEARSON LAW, LLC

Respectfully Submitted,
*Chiya C. Lloyd*
Chiya C. Lloyd, Esq. #66456
Pearson Law, LLC
605 SW US 40 Highway #447
Blue Springs, MO 64014
(314)398-7145
chiya.pearson@att.net

Attorney for Plaintiffs